UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **VALERIE JOYCE DAVIS-BAKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action Number |
| ) | **1:14-cv-1854-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner, Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM OPINION

Plaintiff Valerie Joyce Davis-Baker ("Davis-Baker") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 205(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard and that his decision—which has become the decision of the Commissioner—is supported by substantial evidence. Therefore, the court **AFFIRMS** the decision denying benefits.

## I. Procedural History

Davis-Baker filed her application for Title II disability insurance benefits on June 29, 2011 alleging a disability onset date of May 7, 2010 due to chronic

obstructive pulmonary disease, bi-polar disorder, sleep apnea, Attention Deficit Hyperactivity Disorder, and Morton's Neuroma. (R. 69, 133, 155). After the SSA denied her application, Davis-Baker requested a hearing before an ALJ. (R. 71, 80). The ALJ subsequently denied Davis-Baker's claim, (R. 21), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-3). Davis-Baker then filed this action pursuant to § 205(g) of the Act on September 30, 2014. Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself*. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

### IV. The ALJ's Decision

In performing the five step analysis, the ALJ found that Davis-Baker had not engaged in substantial gainful activity from May 7, 2010 through her date last insured of December 31, 2010, and therefore met Step One. (R. 13). Next, the ALJ found that Davis-Baker satisfied Step Two because she suffered from the severe impairments of COPD, essential hypertension, bipolar disorder, and stable coronary artery disease. *Id*. The ALJ then proceeded to the next step and found that Davis-Baker did not satisfy Step Three since she "[did] not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments." *Id*. Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, he proceeded to Step Four, where he determined that Davis-Baker has the residual functional capacity (RFC) to "perform medium work that allowed for occasional bending and no

climbing. She could work in a temperature-controlled environment." (R. 17). In light of Davis-Baker's RFC, the ALJ determined that Davis-Baker "was capable of performing past relevant work as a contract administrator, administrative assistant, and secretary." (R. 20). Therefore, the ALJ found that Davis-Baker has not been "under a disability, as defined in the Social Security act, at any time from May 7, 2010, the alleged onset date, through December 31, 2010, the date last insured." *Id*.

## V. Analysis

Davis-Baker challenges the ALJ's decision on the grounds that he "failed to properly evaluate the credibility of [Davis-Baker's] complaints of pain consistent with the Eleventh Circuit Pain Standard." Doc. 11 at 5. More specifically, Davis-Baker maintains that the ALJ (1) erred in relying on Davis-Baker's reported daily activities to discredit her pain testimony, *id* at 6-8, and (2) improperly applied the second-prong of the *Hand* standard as to Davis-Baker's subjective testimony regarding her breathing problems, lower back pain, and mental health conditions, *id*. at 8-11. The court addresses each issue in turn.

   1. *Davis-Baker's daily activities*

As an initial matter, the court finds no support for Davis-Baker's contention that the ALJ "mischaracterized the record" as it relates to Davis-Baker's daily activities. To the contrary, the ALJ thoroughly and accurately summarized Davis-Baker's testimony during the hearing, noting that Davis-Baker completes "minor

household chores and clean[s] out her cars' litter boxes." (R. 18). The ALJ added that Davis-Baker's breathing difficulties caused her to complete chores for "about ten minutes" at a time, that she then must rest for approximately one hour, and that as a result, she spends "about [seven] hours lying down" in an 8-hour period. (R. 19). Furthermore, the ALJ noted that Davis-Baker experiences breathing attacks, lasting "about five minutes," at least twenty times a day, and she can generally only walk for five minutes before losing her breath. (R. 18, 19). Finally, the ALJ added that Davis-Baker also experiences occasional lower back pain that makes it difficult to stand for longer than ten minutes or sit for more than ten to fifteen minutes. (R. 19). In light of these findings by the ALJ, the court rejects Davis-Baker's contention that the ALJ "ignored the limits . . . [Davis-Baker] described as to" her daily activities. *See* doc. 11 at 7-8.

The court also rejects Davis-Baker's contention that the ALJ improperly relied on her reported daily activities "to show her activities are contrary to her testimony." Doc. 11 at 7. While Davis-Baker is generally correct that "activities of daily living . . . do not rule out the presence of disabling pain," *Horton v. Barnhart*, 469 F. Supp. 2d 1041, 1046 (N.D. Ala. 2006), she overlooks that in this case, the ALJ did not rely solely on Davis-Baker's reported daily activities to discredit her testimony. Rather, the ALJ relied on Davis-Baker's medical records "including reports from examining and treating physicians" and concluded that the testimony

is "not corroborated by substantial evidence considered on the record as a whole." (R. 19). Therefore, the court rejects Davis-Baker's arguments related to her reported daily activities, and as the court will explain further below, finds no error in the ALJ's conclusion with respect to the objective medical evidence.

### 2. *The objective medical evidence of physical and mental impairments*

The court concludes that the ALJ properly "systematically articulated his reasons for rejecting [the] subjective complaints" regarding Davis-Baker's breathing problems, back pain, and mental health conditions. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Specifically, with respect to Davis-Baker's breathing problems, the ALJ properly pointed to notes from Davis-Baker's physicians through December 31, 2010[2] that consistently show that Davis-Baker's "coronary artery disease and hypertension [were] . . . stable without any occurrence of cardiac-related symptoms." (R. 19). In particular, Davis-Baker's physician noted in June 2010, August 2010, October 2010, and December 2010 that her heart sound and rhythm were normal with no murmurs, and that her respiratory system was "clear to auscultation." (R. 263, 265, 267, 269). Next, with respect to Davis-Baker's lower back pain, the ALJ noted that Davis-Baker "received intermittent treatment for complaints of back pain" prior to December 31, 2010. (R. 19).

---

[2] Because "a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured," *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005), and because Davis-Baker's date last insured was December 31, 2010, the relevant time period for assessing Davis-Baker's impairments is May 7, 2010 to December 31, 2010.

Indeed, Davis-Baker only sought treatment for her back pain once on June 15, 2010, received medication from her physician on that day, and never sought treatment again. (R. 262-69). Such non-routine or inconsistent treatment history is sufficient to support the ALJ's decision to discredit Davis-Baker's testimony regarding back pain. *See Dyer*, 395 F.3d at 1211 (affirming ALJ's decision where the ALJ discredited pain testimony by "explaining that [the] pain had not required routine or consistent treatment."). Finally, as to Davis-Baker's mental impairments, while Davis-Baker testified that she experiences "panic attacks associated with upset stomach, hives, nervousness, shakiness, and fatigue" and that she tends "to yell and scream at everyone" because of her condition, (R. 18), the ALJ properly noted the absence of any medical evidence during the relevant time period to support the testimony. In fact, a consultative mental examination by Dr. Robert Kline on April 2010 established that Davis-Baker "did not actually show external signs of anxiety," such as "restlessness or tremors," her mood was "euthymic" overall, and that "she hasn't gotten in any fights with anyone recently." (R. 191-192).[3] The court finds that Dr. Kline's observations, and the absence of any

---

[3] Along the same lines, while Dr. Kline ultimately concluded that Davis-Baker experienced "marked restriction of activities . . . and a moderate to marked restriction in her ability to relate to others,"(R. 192), the ALJ afforded little weight to Dr. Kline's opinion after noting that his "conclusions appear inconsistent with the objective, clinical findings in his own narrative report," (R. 19). Davis-Baker believes that Dr. Kline's evaluation "taken in combination with her longitudinal medical record" supports her testimony, doc. 11 at 11, but the court rejects this argument because, with respect to the relevant time period, the court finds no medical records supporting Davis-Baker's testimony or Dr. Kline's opinion. Furthermore, the ALJ was under no duty to defer to Dr. Kline's opinion in light of Dr. Kline's status as a non-treating one-time examining source. *See McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir. 1987) (opinions of "one-time examiners" are not entitled to deference).

treatment history during the relevant time period, provide support for the ALJ's decision to discredit Davis-Baker's testimony. *See Dyer*, 395 F.3d at 1211. For these reasons, the court concludes that the ALJ adequately explained his reasons for discrediting Davis-Baker's pain testimony.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Davis-Baker is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 22nd day of June, 2015.

*/s/ Abdul Kallon*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE